UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH WILLIAM DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-00423 ) |
| RUTHERFORD COUNTY ADULT DETENTION CENTER, *et al.*, | ) Judge Trauger ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Joseph William Davis, an inmate of the Rutherford County Adult Detention Center in Murfreeboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Rutherford County Adult Detention Center and f/n/u Fly. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the plaintiff is a state and federal inmate confined at a county jail. According to the complaint, the Rutherford County Adult Detention Center where the plaintiff is incarcerated does not offer the same rehabilitative and work programs as Tennessee state prisons, nor does it offer the same opportunity for inmates to earn good time credits. The complaint

also alleges that the plaintiff has "ZERO access to parole mandated programs such as CMS, therapeutic communities, or pro-social life skills." (Doc. No. 1 at 5).

In addition, the complaint alleges that the plaintiff is required to pay a portion of his medical treatment and medication costs. The plaintiff believes that, "[i]f [he] were in a TDOC prison, [his] medical care would be provided for little to no cost." (*Id.*)

## IV. Analysis

The complaint names two defendants this to action: the Rutherford County Adult Detention Center and Deputy Chief f/n/u Fly. (Doc. No. 1 at 4).

With respect to the Rutherford County Adult Detention Center, a jail is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Rutherford County Adult Detention Center, and all claims against the Rutherford County Adult Detention Center will be dismissed.

Next, the complaint names Deputy Chief f/n/u Fly as a defendant in his official capacity only. (Doc. No. 1 at 4). When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Deputy Chief Fly is an employee of Rutherford County, Tennessee. (Doc. No. 1 at 4). A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy,

statement, regulation, decision or custom promulgated by Rutherford County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable to the plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Rutherford County under Section 1983. Even if Rutherford County has a policy or custom of failing to provide state inmates access to the same programs and sentence credits as inmates housed in state prisons, inmates have no constitutional right to be confined in any particular jail or prison. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (superseded by statute on other grounds); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). The plaintiff has no constitutional right to choose his site of imprisonment.

The plaintiff seeks to be transferred to a state prison because he states that inmates housed there are eligible for better rehabilitative and work opportunities and more advantageous good time credits. However, prisoners have no constitutionally cognizable right to participate in rehabilitative

4

or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981) (per curiam); *Carter v. Corrs. Corp. of Am.*, No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999).

Construing the pro se complaint liberally, the complaint also alleges that Rutherford County has a policy whereby inmates must pay co-pays towards their medical treatment and a portion of the costs of their medication while incarcerated in the county jail. (Doc. No. 1 at 3). However, while the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical or dental care free of cost. *See Hunt v. Mohr*, No. 2:11–cv–653, 2011 WL 4467764, at *5 (S.D. Ohio Sept.26, 2011) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173–75 (3d Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'")); *see also Washington v. Sommerville*, No. 98–5515, 1999 WL 253652, at *2 (6th Cir. April, 23, 1999) ("Charging inmates who can pay for medical care does not constitute deliberate indifference or violate due process.").

"It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated," *Miller v. Blackwelder*, No. 4:07-cv-9, 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008), and the complaint does not allege the plaintiff has been denied medical care. Neither does the complaint allege that he was deprived of needed medications because he did not have private insurance or because he could not afford to pay for his medications. Consequently, the payment policy about which the plaintiff complains does not violate the Constitution and cannot support a municipal liability claim. *See id.* (rejecting inmate's Eighth Amendment claim based on jail's requirement that inmate submit a co-pay every time he receives

medical services); *see also Johnson v. Ahmed,* No. 1:13-cv-921, 2014 WL 467334, at *3 n.1 (S.D. Ohio Feb. 5, 2014) (dismissing inmate's deliberate indifference claim based on his being charged two dollars for aspirin); *Coleman v. Whitney*, 2006 WL 3791316, at *2 (E.D. La. Dec. 21, 2006) ("Programs that require inmates to bear part of their own medical costs remain within constitutional bounds so long as the program does not condition the providing of necessary medical services on an inmate's ability to pay.").

Accordingly, the court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Rutherford County. The plaintiff's claims against Chief Deputy Fly in his official capacity therefore must be dismissed.

## V.     Conclusion

Having screened the complaint pursuant to the PRLA, the court finds that the complaint fails to state claims upon which relief may be granted. 28 U.S.C. § 1915A. All claims and defendants, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

It is so ORDERED.

ENTER this 28th day of May 2019.

_____
Aleta A. Trauger
United States District Court Judge